# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LANAI JAY BERTUCCI** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 12-2034** |
| **NELSON COLEMAN**<br>**CORRECTIONAL CENTER, ET AL.** | * | **SECTION: "R"(5)** |

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of defendant, the Nelson Coleman Correctional Center ("NCCC"). (Rec. doc. 8). Plaintiff has filed no opposition to defendant's motion. For the reason that follow, it will be recommended that defendant's motion be granted.

Plaintiff, now an inmate of the Bossier Medium Security Facility who was previously incarcerated at NCCC, filed the above-captioned 42 U.S.C. §1983 proceeding against NCCC and two of its employees regarding the adequacy of the medical care he received after being bitten by an unidentified creature. (Rec. doc. 1). NCCC now moves for the dismissal of plaintiff's claim against it,

arguing that it is not a entity capable of being sued. (Rec. doc. 8).

The law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like NCCC are not considered to be "persons" within the meaning of §1983 and cannot be cast in judgment under Rule 17(b), Fed.R.Civ.P. See Wetzel v. St. Tammany Parish Jail, 2009 WL 586129 at *2-3 (E.D. La. March 5, 2009); Calhoun v. Sanderson, 2003 WL 1595088 at *4-5 (E.D. La. March 25, 2003); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D. Pa. 1976)(citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696 (1970)).

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's motion be granted and that plaintiff's claim against it

be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this 27th day of October 2012.

ALMA L. CHASEZ
United States Magistrate Judge